IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00603-PAB-CBS

LANDOWNERS UNITED ADVOCACY FOUNDATION, INC.,

    Plaintiff,

v.

BARBARA BROHL, individually and in her official capacity as Executive Director of the Colorado Department of Revenue;
MARCIA WATERS, individually and in her official capacity as Director of the Colorado Department of Real Estate; and
MARK WESTON, individually and in his official capacity as Commissioner (appraiser) of the Colorado Conservation Easement Oversight Commission,

    Defendants.

---

# ORDER

---

This matter is before the Court on Defendants' Motion to Dismiss Second Amended Complaint [Docket No. 40]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of claims for income tax credits for conservation easements pursuant to Colo. Rev. Stat. § 39-22-522. In Colorado, a taxpayer is allowed to take a state income tax credit for a qualifying conservation easement created upon real property that is donated to a governmental entity or charitable organization. Colo. Rev.

---

[1] The following facts are drawn from plaintiff's second amended complaint [Docket No. 36] and are taken as true for the purposes of this order. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Stat. § 39-22-522(2).  A conservation easement is a permanent restriction that runs with the land for the purpose of protecting and preserving the land in a predominantly natural, scenic, or open condition.  *See* Colo. Rev. Stat. §§ 38-30.5-101 *et seq*. (establishing the purposes and requirements for conservation easements); *Kowalchik v. Brohl*, 277 P.3d 885, 886 (Colo. App. 2012).

Under the conservation tax credit program, a landowner eligible for an income tax credit may be an individual, a partnership, a corporation, or any other entity.  Colo. Rev. Stat. § 39-22-522(1).  A qualifying landowner has the option of assigning to transferees all or any portion of the tax credit generated by any land donation.  Colo. Rev. Stat. § 39-22-522(7).  The donor landowner, however, may only claim one such tax credit per year.  Colo. Rev. Stat. § 39-22-522(6).

In 2011, the Colorado General Assembly enacted new procedures to resolve disputes under the conservation easement tax credit program.  2011 Colo. Legis. Serv. Ch. 193 (H.B. 11-1300) (West).[2]  Under the 2011 procedures, the Colorado Department of Revenue ("DOR") held previously issued tax credits procedurally invalid or rejected appraisals of the values of previously donated easements.  Docket No. 36 at 3, ¶ 5.

Plaintiff is a Colorado non-profit organization with one of its purposes being to "[p]rotect landowners' rights, the public interests, and sound conservation policies in Colorado."  Docket No. 36 at 5, ¶ 10.  "Many" of plaintiff's members have had their

---

[2] This law was codified at Colo. Rev. Stat. § 39-22-522.5, which has been subsequently amended twice.  *See* 2013 Colo. Legis. Serv. Ch. 251 (S.B. 13-221) (West); 2014 Colo. Legis. Serv. Ch. 385 (S.B. 14-117) (West).  Defendants argue that all of plaintiff's claims relate to tax credits claimed between the May 19, 2011 enactment and the January 1, 2014 advent of a pre-approval process for such claims. Docket No. 40 at 3-4.

conservation easement tax credits challenged under the procedures enacted in 2011. *Id.*, ¶ 11; *see also id*. at 3, ¶ 6 ("nearly all" plaintiff's members "are affected donors of conservation easements").

In its second amended complaint, plaintiff asserts five claims for relief. First, plaintiff brings a claim for violations of the Fourteenth Amendment right to equal protection based on the allegation that "Defendants have applied a different set of rules to some taxpayers than they have to others." Docket No. 36 at 14, ¶ 44. Second, plaintiff asserts a § 1983 claim for violations of its members' due process rights by defendants in connection with the application of the DOR's adjudication of conservation easement tax credits. *Id.* at 15-17, ¶¶ 50-57. Third, plaintiff alleges that defendants' actions were a violation of the takings clauses of the Fifth Amendment to the U.S. Constitution and Section Fifteen of the Colorado Constitution. *Id*. at 17-19, ¶¶ 58-65. Fourth, plaintiff alleges that defendants' actions were a violation of the prohibition on ex post facto laws and laws impairing the obligations of contracts in Section Eleven of the Colorado Constitution. *Id*. at 19-20, ¶¶ 66-71. Finally, plaintiff brings a claim for declaratory relief prohibiting defendants from enforcing the revised procedures implemented in 2011 with respect to donations made prior to the legislative changes. *Id.* at 20-21, ¶¶ 72-75.[3]

On June 23, 2016, defendants filed their motion to dismiss. Docket No. 40. Defendants argue that (1) plaintiff's claims are barred by the Eleventh Amendment, (2) plaintiff lacks standing, (3) plaintiff's claims are barred by the Tax Injunction Act, 28

---

[3] Plaintiff demands a jury trial, but brings no legal claims for which a jury trial is available. *See* Docket No. 36 at 21.

U.S.C. § 1341, (4) plaintiff's claims are barred by the doctrine of comity, and (5) plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim. *Id*.

## II. STANDING

Plaintiff bears the burden of establishing standing. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To carry this burden, plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id*. at 543; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As an organization with members, plaintiff can establish standing either in its own right or on behalf of its members. *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972).

### A. Plaintiff's Standing in Its Own Right

Plaintiff first argues that it has standing based on its purpose "to protect landowners who are seeking to lawfully participate in the conservation easement program." Docket No. 46 at 14 (quoting Docket No. 36 at 5, ¶ 11). Plaintiff additionally claims that it "has a demonstrable interest in protecting the interests of its members and other state citizen property holders considering use of the conservation easement scheme as a way to protect and preserve land in the state." *Id*. at 14-15.

Such interests and purposes do not show injury in fact. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club*, 405 U.S. at 734-35; *see also Lujan*, 504 U.S. at 573-74 ("We have consistently held that a plaintiff raising only a generally

4

available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.").

In *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 345 (1977), the case on which plaintiff relies, the injury in fact was that the challenged conduct would reduce the amount of assessments collected by the plaintiff and, thus, there was a "financial nexus between the interests of the [plaintiff] and its constituents."  See also *Sierra Club*, 405 U.S. at 737 ("the fact of economic injury is what gives a person standing to seek judicial review under the statute, but once review is properly invoked, that person may argue the public interest in support of his claim").  Here, plaintiff alleges no such potential harm or economic injury and disclaims that it has "a direct financial incentive in bringing this suit." Docket No. 46 at 14.  Accordingly, plaintiff has failed to establish any injury in fact to the organization itself and therefore lacks standing to bring claims on its own behalf.

### B.  Organization Standing[4]

Plaintiff argues that it has organization standing based on alleged injuries to its members.  Docket No. 46 at 10-13.  In particular, plaintiff points to the allegation that "Defendants' actions have devastated many hardworking farmers and ranchers, with many families losing their homes, lands, and livelihoods." *Id*. at 11-12 (quoting Docket No. 36 at 2, ¶ 3).  Plaintiff also cites its prayer for relief for its § 1983 claim that

---

[4] This doctrine is also referred to as "association standing" or "associational standing."  *See, e.g., Hunt*, 432 U.S. at 343; *Colorado Outfitters Ass'n*, 823 F.3d at 550.

mentions "the conservation easement tax credits of the hundreds of taxpayers represented by Plaintiff." *Id*. at 11 (citing Docket No. 36 at 17). Plaintiff agues that such general allegations are sufficient to overcome defendants' assertion that plaintiff "failed to plead that even one of its members is subject to a concrete, continuing harm as a result of Defendants' alleged actions." *Id*. at 10 (quoting Docket No. 40 at 12). They are not sufficient.

As noted in *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009), "the Court has required plaintiffs claiming an organizational standing to identify members who have suffered the requisite harm." This is accomplished when, through allegations or competent evidence, a plaintiff "name[s] the individuals who were harmed" or shows "*all* the members of the organization are affected by the challenged activity." *Id*. at 498-99 (citations omitted) (emphasis in original). Here, plaintiff does neither. Plaintiff names no harmed members of its organization and alleges that "nearly all," but not all, of its members are impacted. Docket No. 36 at 3, ¶ 6; *see also id*. at 5, ¶ 11 ("Many"). The Court cannot accept an organization's self-description of its membership to infer that some member must be harmed. *Summers*, 555 U.S. at 499. Such general allegations are insufficient to satisfy the requirement that plaintiff "make specific allegations establishing that at least one *identified* member ha[s] suffered or would suffer harm." *Id*. at 498 (emphasis added).

Accordingly, because the plaintiff has failed to demonstrate standing, the Court lacks subject matter jurisdiction and must dismiss plaintiff's claims. *Colorado Outfitters Ass'n*, 823 F.3d at 554.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Defendants' Motion to Dismiss Second Amended Complaint [Docket No. 40] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are dismissed without prejudice. It is further

**ORDERED** that plaintiff may file a motion to amend the complaint within twenty-one days of the date of this order or the case will be closed.

DATED March 17, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge