IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-00603-PAB-SKC

LANDOWNERS UNITED ADVOCACY FOUNDATION, INC.,

    Plaintiff,

v.

MICHAEL S. HARTMAN, individually and in his capacity as Executive Director of the Colorado Department of Revenue;
MARCIA WATERS, individually and in her official capacity as Director of the Colorado Department of Real Estate;
MARK WESTON, individually and in his official capacity as the Program Manager for the Conservation Easement Program, and
PETER ERICSON, individually and in his official capacity as the Chair of the Colorado Conservation Easement Oversight Commission,

    Defendants.

---

# ORDER

---

This matter is before the Court on Defendants' Motion to Dismiss Third Amended Complaint [Docket No. 72]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of claims for income tax credits for conservation easements pursuant to Colo. Rev. Stat. § 39-22-522. The background of this statutory scheme and of this case is explained in the Court's order on defendants' motion to dismiss plaintiff's second amended complaint. Docket No. 54 at 1-2. Plaintiff is an advocacy organization that claims the Colorado Department of Revenue and the Colorado

---

[1] The following facts are drawn from plaintiff's third amended complaint [Docket No. 67] and are taken as true for the purposes of this order.

Conservation Easement Oversight Commission unlawfully administered the conservation easement tax credit program in violation of its members' rights under the United States Constitution. Docket No. 67 at 5-6, ¶¶ 10-11.

After the Court dismissed plaintiff's second amended complaint on March 17, 2017, plaintiff filed a motion to amend the complaint. Docket No. 56. On February 28, 2018, the Court granted in part and denied in part plaintiff's motion to amend the complaint. Docket No. 66. The Court concluded that plaintiff had demonstrated organizational standing to sue on behalf of its aggrieved members. *Id*. at 5. On March 12, 2018, plaintiff filed its Third Amended Complaint. Docket No. 67. Plaintiff asserts four causes of action: (1) deprivation of equal protection under 42 U.S.C. § 1983; (2) violation of due process under 42 U.S.C. § 1983; (3) violation of the Takings Clause of the Fifth Amendment to the United States Constitution; and (4) a request for declaratory relief. *Id*. at 15-22. Plaintiff seeks prospective injunctive relief as well as declaratory relief. *Id*.

In their motion to dismiss, defendants argue that: (1) defendants Marcia Waters, Mark Weston, and Peter Ericson are immune from suit under the Eleventh Amendment; (2) plaintiff's claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341; (3) plaintiff's claims are barred by the comity doctrine; and (4) plaintiff fails to state a claim for which relief can be granted. Docket No. 72.

On May 29, 2018, Colorado Governor John W. Hickenlooper signed into law House Bill 18-1291. Docket No. 90-1. The bill repeals the Division of Real Estate's statutory authority to oversee the conservation easement tax credit program and vests that authority in a new Division of Conservation. *Id*. The bill also abolishes the nine-

member conservation easement commission that previously existed within the Division of Real Estate. *Id*. On September 28, 2018, defendants filed a notice of supplemental authority, arguing that the claims against Waters, Weston, and Ericson are moot due to the enactment of H.B. 18-1291. Docket No. 90.

## II. ANALYSIS

### A. Mootness

Waters, Weston, and Ericson argue that the claims against them in their official capacities are now moot due to the enactment of H.B. 18-1291. Docket No. 90.

A case is moot when the issues presented are no longer "live." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy." *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live controversy, mootness is a jurisdictional issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *U. Sch. Dist. No. 259, Sedgwick Cty., Kan. v. Disability Rights Center of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007) (quotations omitted).

Based upon the enactment of H.B. 18-1291, the Court finds that the claims against Waters, Weston, and Ericson are moot in that a live controversy no longer exists. H.B. 18-1291 repeals the Division of Real Estate's statutory authority to oversee the conservation easement tax credit program and vests that authority in a new Division of Conservation. *See* Docket No. 90-1. Accordingly Waters, Weston, and Ericson,

3

whose connection to the conservation easement tax credit program arose from their official roles within the Division of Real Estate, no longer have any official duties related to the conservation easement tax credit program.[2] The Court could not enter prospective injunctive and declaratory relief against those defendants that would "have some effect in the real world." *See U. Sch. Dist. No. 259*, 491 F.3d at 1147. Thus, the Court must dismiss the claims without prejudice for lack of subject matter jurisdiction against Waters, Weston, and Ericson in their official capacities.[3]

### B. Tax Injunction Act

Defendants argue that plaintiff's claim is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.

The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The purpose of the TIA is to "shield[] state tax collections from federal-court restraints."

---

[2] In the case caption, Waters is sued "in her official capacity as Director of the Colorado Department of Real Estate," Weston is sued "in his official capacity as the Program Manager for the Conservation Easement Program," and Ericson is sued "in his official capacity as the Chair of the Colorado Conservation Easement Oversight Commission." Docket No. 67 at 1. Defendants represent that the "Department of Real Estate" is correctly known as the "Division of Real Estate." *See* Docket No. 72 at 3 n.3.

[3] Although the complaint also asserts claims against defendants in their individual capacities, injunctive relief against a state official may be obtained only in an official capacity suit. *See Conforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1135 n.8 (10th Cir. 2001) (citing *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)). Accordingly, the Court will dismiss all claims brought against defendants in their individual capacities. *See Smith v. Plati*, 56 F. Supp. 2d 1195, 1203 (D. Colo. 1999) (dismissing claims against state official in his official capacity because the relief plaintiff requested could only be obtained against the defendant in his official capacity).

*Hibbs v. Winn*, 542 U.S. 88, 104 (2004); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981) (explaining that "the principal motivating force behind the [TIA]" was to limit federal court interference "with so important a local concern as the collection of taxes.") "[T]he Supreme Court has expressly instructed that the TIA is to be read as a 'broad jurisdictional barrier' and is 'first and foremost a vehicle to limit dramatically federal district court jurisdiction." *Hill v. Kemp*, 478 F.3d 1236, 1246 (10th Cir. 2007) (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825-26 (1997)). In analyzing whether the TIA applies, courts first "identify the relief sought." *Hibbs*, 542 U.S. at 99. If the relief sought requires the court to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," the court next asks whether the state court offers "a plain, speedy and efficient remedy." 28 U.S.C. § 1341; *see also Hill*, 478 F.3d at 1253.

Plaintiff seeks prospective injunctive and declaratory relief. Docket No. 67 at 15-21. The relief sought in the first and second claims would prevent defendants from taking certain actions related to the assessment of income taxes. For example, defendants would be enjoined from challenging the validity of some of the conservation easement tax credits and from evaluating the validity of some of the appraisals used to support the claimed tax credits. *See id.* at 17-19, ¶¶ 55, 62. Entering this form of prospective injunctive relief would violate the TIA because preventing the state from challenging tax credits would have the result of lowering tax collections. 28 U.S.C. § 1341; *see also LaBorde v. City of Gahana*, 946 F. Supp. 2d 725, 735 (S.D. Ohio 2013) (holding that the TIA applies where plaintiffs challenge the validity of the

5

calculation of a tax credit). Similarly, the declaratory relief plaintiff requests, which would declare that certain procedures related to challenging claimed tax credits violate constitutional rights, would prevent the state from collecting tax revenue and therefore violates the TIA. *See* Docket No. 67 at 21; *see also California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (holding that the TIA also "prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional").

Plaintiff argues that its claims fit within an exception to the TIA recognized in *Hibbs*. Docket No. 82 at 7-9. In *Hibbs*, the Supreme Court concluded that the TIA did not bar an Establishment Clause challenge to an Arizona statute that authorized "income-tax credits for payments to organizations that award educational scholarships and tuition grants to children attending private schools." *Hibbs*, 542 U.S. at 92. Concluding that the "moorings" of the TIA rested on a "state-revenue-protective" rationale, the Court held that a challenge brought to a tax credit does not implicate the core concern of the TIA when the relief sought is not an attack on a state measure aimed at raising revenue. *Id*. at 106-09; *see also Hill*, 478 F.3d at 1249-50 (applying *Hibbs*). The Court distinguished this situation from the typical TIA case involving a plaintiff who "mount[s] federal litigation to avoid paying state taxes (or to gain a refund of such taxes)," where "[f]ederal court relief . . . [would] reduce the flow of tax revenue" to the state. *Hibbs*, 542 U.S. at 106.

Plaintiff here does not fit within the *Hibbs* exception. Plaintiff does not, for example, challenge the conservation easement tax credit on the grounds that it violates the Establishment Clause. *See Hibbs*, 542 U.S. at 110 (collecting cases where

6

plaintiffs challenged state tax benefits on Establishment Clause grounds and courts did not apply the TIA). Instead, plaintiff seeks relief that would "prevent[] the State from exercising its sovereign power to collect certain revenues." *See Hill*, 478 F.3d at 1250. The crux of plaintiff's claims is that the state's administration of the conservation easement tax credit program does not give some taxpayers the tax benefits that they believe they are owed. *See* Docket Nos. 67-2, 67-3, 67-4, 67-5, 67-6, 67-7, 67-8 (declarations of individuals). This is the type of challenge the TIA bars, "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *See Hibbs*, 542 U.S. at 107.

The Court next asks whether a state court provides a "plain, speedy and efficient remedy." 28 U.S.C. § 1341. To meet this requirement, the state remedy must "provide[] the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Rosewell*, 450 U.S. at 514. Under the statutory scheme, if the state denies a conservation easement tax credit, taxpayers can appeal the denial and receive an administrative hearing. Colo. Rev. Stat. §§ 39-21-103(3), 39-22-522(3.5)(a). Taxpayers can appeal the ruling in an administrative hearing to a state district court for *de novo* review. *Id*., § 39-21-105(1). That review may be appealed to the Colorado Court of Appeals and the Colorado Supreme Court. *Id*., § 39-21-105(8).[4] Plaintiff makes no argument why this process does not provide taxpayers with a full hearing and judicial determination at which they can raise constitutional objections to the denial of a tax credit. *See* Docket No. 82.

---

[4] This statutory scheme is not altered by H.B. 18-1291. *See* Docket No. 90-1.

Therefore, the Court finds that the state courts provide a sufficient remedy under the TIA.

As plaintiff's requested relief requires the Court to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," and there is a "a plain, speedy and efficient remedy" offered in Colorado state court, the Court concludes that all of plaintiff's claims are barred by the TIA. 28 U.S.C. § 1341. Accordingly, the Court will dismiss all claims against the remaining defendant without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Third Amended Complaint [Docket No. 72] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED March 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge