**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**LANDOWNERS UNITED ADVOCACY FOUNDATION, INC.,**

    **Plaintiff,**

**v.**                    **Civil Action No. 1:16-cv-00603-PAB-CBS**

**STATE OF COLORADO,** *et. al.*

    **Defendants.**

---

### *CORRECTED* PLAINTIFF'S MOTION TO ALTER OR RECONSIDER JUDGMENT PURSUANT TO FED. R. CIV. PRO., RULE 60 AS TO THE DISMISSAL OF DEFENDANTS WATER, WESTON AND ERICSON ON THE BASIS OF MOOTNESS[1]

COMES NOW, Plaintiff Landowners United Advocacy Foundation, Inc., by and through its attorneys of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq. ), and respectfully move the Court to Reconsider its Order in the matter with regard to the Dismissal of Defendants on grounds of mootness.

## I.    INTRODUCTION - NEW DEVELOPMENT

A critical and central component to this litigation by Plaintiff is the allegation, for which the Plaintiff has sought declaratory relief, that the individual defendants Waters, Weston, and Ericson took actions under the color of law to deprive Plaintiff's members of their property though inverse condemnation without providing just compensation. Such a declaration by this Court remains a very live controversy. Yet, in determining that the passage of H.B. 18-1291 renders the claims for declaratory relief against those defendants moot because such a decision would have some effect in the real world, *see* Order at 4, ECF No. 97, the Court's decision runs afoul of the new law just passed by the Colorado

---

[1] Pursuant to LR-Civ. Rule 7.1, undersigned counsel sought the position of opposing counsel regarding this Motion and the Motion is Opposed.

Legislature and signed by the Governor, H.B. 19-1264. *See* attached EXHIBIT 1.  H.B. 19-1264 states

in relevant part that a work group created by the legislation would examine and propose a solution to

address the very issue of this lawsuit stating:

> (14.5) (a) THE DIVISION SHALL CONVENE A WORKING GROUP IN CONJUNCTION
> WITH THE DEPARTMENT OF LAW AND THE DEPARTMENT OF REVENUE TO
> DEVELOP PROPOSED STATUTES AND REGULATIONS FOR THE FOLLOWING:
>
> …
>
> (i)  A PROCESS TO PROVIDE RETROACTIVE TAX CREDITS, PAYMENTS, OR REFUNDS
> TO TAXPAYERS WHO CLAIMED CREDITS PURSUANT TO SECTION 39-22-522
> BETWEEN JANUARY 1, 2000, AND DECEMBER 31, 2013, AND WHOSE TAX
> CREDITS WERE DENIED IN WHOLE OR IN PART, INCLUDING THE DEVELOPMENT
> OF ELIGIBILITY CRITERIA FOR RECEIVING SUCH RETROACTIVE TAX CREDITS,
> PAYMENTS, OR REFUNDS;

Thus, there is substantial grounds evidenced by the newly enacted law of the jurisdiction for this

Court to reconsider the portion of its decision regarding the mootness of a declaratory judgement

pursuant during the pendency of this federal litigation.

## II.    LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 60[2]

> Under rule 60, [o]n motion and just terms, the court may relieve a party or its legal
> representatives from a final judgment, order, or proceeding for the following reasons:
>
> (i)    mistake, inadvertence, surprise, or excusable neglect;
> (ii)   newly discovered evidence that, with reasonable diligence, could not
>        have been discovered in time to move for a new trial under Rule
>        59(b);

---

[2] As announced by the Court in *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 2016 WL 164332, at \*8
(D.N.M. Jan. 4, 2016)

(iii)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(iv)   the judgment is void;

(v)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(vi)   any other reason that justifies relief.  Fed.

R. Civ. P. 60(b).

Neither a rule 59 nor a rule 60 motion for reconsideration

are appropriate vehicles to reargue an issue previously addressed by the court  when the motion merely advances new arguments, or supporting facts which were  available at the time of the original motion . . .. Grounds warranting a motion to  reconsider include (1) an intervening change  in the controlling law, (2) new  evidence previously unavailable, and (3) the need to correct clear error or prevent  manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the

controlling law." *Servants of the Paraclete v. Does*, 204 F.3d at 1012. A district court has considerable

discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d at 1324.

Under normal circumstance after a final judgment had been entered a change in the law would

not be grounds for a successful Rule 60 motion:

But we held in *Collins v. City of Wichita*, 254 F.2d 837 (10th Cir.1958), and reaffirmed in *Van Skiver,* that "[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief" where the post-judgment change came in an unrelated case. *Collins,* 254 F.2d at 839 (addressing situation where one year after judgment became final the Supreme Court held the relevant statute inadequate on due process grounds in a case between different parties); *Van Skiver,* 952 F.2d at 1245 (holding that relief under Rule 60(b)(6) is not justified "when the post-judgment change in the law did not arise in a related case"). Although we have held that these strictures apply only after final judgment has been entered, Mr. Sindar's failure to appeal the dismissal of his complaint rendered his judgment final long before the Rule 60(b) motion was filed. *See Robinson v. Volkswagen of America, Inc.,* 803 F.2d 572, 574 (10th Cir.1986) (distinguishing *Collins* and *Pierce* on the ground that "[i]n those cases, final judgment had been reached, and the cases were no longer pending

3

before the federal courts," while in *Robinson* "final disposition had not been reached with respect to [defendant] and the federal courts retain jurisdiction").

*Sindar v. Garden*, 284 F. App'x 591, 596 (10th Cir. 2008)

However, as this case remains pending in the federal courts, Rule 60 authorizes a district court to, "[o]n motion and just terms[,] . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons,"  including "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## ARGUMENT

The language reference above from H.B. 19-1264 demonstrates a clear acknowledgement by State of Colorado via her legislature that there is a live controversy concerning the subject matter of this lawsuit. It would be absurd for the Legislature to adopt legislation to find a solution to resolve an issue or problem that was not in existence. Pursuant to 42 U.S.C. §1983, this Court could assist in resolving that controversy by reviewing the actions taken by the State of Colorado through the individuals named in this case acting under the color of law to declare whether or not such actions violate the Fifth and Fourteenth Amendments to the United States Constitution and provisions of the Colorado Constitution.

H.B. 19-1264 demonstrates that though H.B. 18-1291 may have repealed the Division of Real Estate's authority to administer the conservation easement program it did not resolved or ratify that the program was constitutionally administered in the past. Instead H.B 19-1264 demonstrates that the matter is not moot, though the request for injunctive relief may be premature and not ripe, as it appears that a process may be established to remedy individuals harmed by the bait and switch regarding the exchange of tax credits for conservation easements from January 1, 2000 to December 31, 2013. In effect the Legislature has signaled that the administration of the program under the color of law by the named individual defendants may have been improper and the declaration that Plaintiff seeks that its members were deprived of their property without just compensation in violation of the Fifth Amendment to the

United States Constitution, applicable to the several states by the Fourteenth Amendment, pursuant to legislation that violated the *Ex Post Facto* clause of the Colorado Constitution is not moot because pursuant to any legislation or regulations developed pursuant to H.B. 19-1264 for the Plaintiff's members such a declaration would have a very substantial and real effect in the real world to remedy the violation of those Constitutional rights.

Because the matter remains pending before the federal courts and because the newly enacted law makes it clear that this Court's decision with regard to mootness and to the applicability of a declaratory judgement is now especially ripe, this Court's decision should be revisited before the matter proceeds on appeal.

## CONCLUSION

Based on the above discussion, Plaintiff respectfully requests that this Court reconsider its decision to Dismiss the section 1983 federal claims against Defendants Waters, Weston, and Ericson with regard to deprivation of property without just compensation and reinstate those claims accordingly.

Respectfully submitted this 10th day of June 2018.

> */s/ A. Blair Dunn, Esq.*
> A. Blair Dunn, Esq.
> abdunn@ablairdunn-esq.com
> Western Agriculture, Resource and
>    Business Law Advocates, LLP
> 400 Gold Ave SW, Suite 1000
> Albuquerque, NM 87102
> (505)750-3060; Fax (505)225-8500

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing June 10, 2019 using the CM/ECF System, which caused all counsel of record to be served.

_/s/ A. Blair Dunn_
A. Blair Dunn, Esq.