IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-CV-00603-PAB-SKC

LANDOWNERS UNITED ADVOCACY FOUNDATION, INC.,

Plaintiff,

v.

MICHAEL S. HARTMAN, individually and in his official capacity as executive director of the Colorado Department of Revenue;
MARCIA WATERS, individually and in her official capacity as Director of the Colorado Department of Real Estate;
MARK WESTON, individually and in his official capacity as the Program Manager for the Conservation Easement Program; and
PETER ERICSON, individually and in his official capacity as Chair of the Colorado Conservation Easement Oversight Commission,

Defendants.

---

**OPPOSITION TO PLANTIFF'S MOTION TO ALTER OR RECONSIDER JUDGMENT PURSUANT TO FED. R. CIV. PRO., RULE 60 AS TO THE DISMISSAL OF DEFENDANTS WATERS, WESTON, AND ERICSON ON THE BASIS OF MOOTNESS**

---

Defendants submit the following opposition to Plaintiff Landowners United Advocacy Foundation, Inc.'s ("Plaintiff" or "LUAF") Motion to Alter or Reconsider Judgment of the Dismissal of Defendants Waters, Weston, and Ericson on the Basis of Mootness Pursuant to Fed. R. Civ. Pro., Rule 60 (the "Motion").

## INTRODUCTION

LUAF has failed to establish any legal theory that would allow this Court to review the dismissal of Defendants Waters, Weston, and Ericson. Under Rule 60(b), review of a final order is only proper in truly extraordinary circumstances. The

passage of House Bill 19-1264, which merely creates a working group to discuss Colorado's conservation easement tax credit program (the "Program"), does not satisfy this requirement. The passage of a new law is not sufficient to overturn a judgment under Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1245 (10th Cir.1991). This principle particularly holds true where the law in question would not change the basis for the final judgment.

## BACKGROUND

As this Court may recall, LUAF brought only prospective claims for injunctive and declaratory relief against the Defendants in an attempt to avoid the Eleventh Amendment bar to its claims for relief. Then, last year, H.B. 18-1291 removed oversight of the Program from the Division of Real Estate, leading this Court to find that LUAF's claims are moot as against Division of Real Estate Defendants Waters, Weston, and Ericson (hereinafter "Real Estate Defendants").[1] As this Court correctly concluded, LUAF's claims would no longer "[h]ave some effect in the real world," because the Division of Real Estate, now completely severed from the Program, could not provide the prospective relief LUAF seeks.[2] *See* Order, Doc. 97, pp. 3-4.

---

[1] LUAF sued Waters, Weston, and Ericson in their official capacities in the conservation easement program formerly housed within the Division of Real Estate. *See* LUAF's Third Amended Complaint, Doc. 67.

[2] Even before the General Assembly enacted H.B. 18-1291, the Real Estate Defendants sought dismissal of LUAF's complaint because these Defendants did not have the requisite duty to enforce the complained-of statutory scheme. *See* Motion to Dismiss Third Amended Complaint, Doc. 72, pp. 8-9.

On June 3, 2019, Governor Polis signed into law H.B. 19-1264. This bill requires the Division of Conservation, the newly created state agency, to convene a working group to discuss granting retroactive tax credits, payments, or refunds for conservation easements. This new legislation does not return oversight or control of the Program to the Division of Real Estate. The Division of Real Estate has no more control or oversight of the Program today than it did when this Court issued its mootness order. Thus, the new legislation does not alter the basis for this Court's order. As a result, LUAF's Motion to Alter or Reconsider Judgment on the Basis of Mootness must be denied.

## ARGUMENT

### I.   LUAF's Motion fails to meet the standard for Rule 60(b)(6) relief.

LUAF is not entitled to relief under Rule 60 because the passage of H.B. 19-1264 is not an exceptional or compelling circumstance that justifies displacing a final order. LUAF's argument falls into the "catch all" category of Rule 60(b)(6), which allows relief from a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6). The rule, however, has a high barrier to entry—relief can be granted only "in the case of truly extraordinary circumstances." *In re Syngenta AG MIR 162 Corn Litig.*, NO. 14-md-2591-JWL, WL 2184863 at *1 (D. Kan. May 21, 2019). Relief under Rule 60(b)(6) is appropriate only "when it offends justice to deny such relief." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

The passage of H.B. 19-1264 cannot qualify as an extraordinary circumstance

because "'[a] change in the law or in the judicial view of an established rule of law' does not justify relief under Rule 60(b)(6)." *Van Skiver*, 952 F.2d 1241, 1245 (10th Cir.1991) (quoting *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). In fact, LUAF *admits* that a post-judgment change in law is not grounds for relief under Rule 60, but contends this Court should somehow reach a different conclusion because LUAF has appealed this Court's order. (Motion, p.3.) LUAF quotes extensively from *dicta* in *Sindar v. Garden*, 284 Fed. Appx. 591, 596 (10th 2008) (citing *Robinson v. Volkswagen of Am., Inc.*, 803 F.2d 572 (10th Cir. 1986)), but fails to explain how either *Sindar* or *Robinson* helps its case. Neither case suggests that a pending appeal changes the standard for a Rule 60 motion. *Robinson* did not involve Rule 60 at all, and holds only that, on remand, the District Court must apply current state law (and not state law as it existed at the time of the initial, pre-appeal trial). 803 F.2d at 574-75. And *Sindar* merely confirms that Rule 60(b)(6) applies only in "extraordinary" circumstances. 284 Fed. Appx. at 596. The existence of a pending appeal does not transform LUAF's Rule 60 motion into a valid one.[3]

What is more, even if H.B. 19-1264 had been passed before this Court's order, the outcome would have been the same. *See Aldrich Enters*, 938 F.2d at 1143-44 (holding district court properly denied motion under Rule 60(b) because the newly discovered evidence would not "likely alter the outcome"). H.B. 19-1264 returns no

---

[3] The pending appeal divests this Court of jurisdiction to *grant* the Motion. *Aldrich Enters., Inc. v. U.S.*, 938 F.2d 1134, 1143 (10th Cir. 1991). The District Court may consider a Rule 60 motion during the pendency of the appeal, and may "either deny [the Motion] on the merits, or [notify the Court of Appeals] of its intention to grant the motion upon proper remand." *Id*.

4

enforcement authority over the Program to the Division of Real Estate. Tellingly, LUAF is unable to articulate how H.B. 19-1264 changed the law this Court applied in dismissing LUAF's complaint. Because the bill does not change the basis for this Court's order, denying the Motion cannot "offend justice."[4] *See Yapp*, 186 F.3d at 1232. Plaintiff has failed to meet the criteria necessary for Rule 60(b)(6) reconsideration of judgment.

## II. H.B. 19-1264 has no effect on the justiciability of this case.

LUAF's Motion demonstrates a fundamental misunderstanding of the mootness doctrine. H.B. 19-1264 does not change the fact that the Division of Real Estate, by law, has no authority to oversee or effect the Program, and as a result, has no ability to provide the relief LUAF seeks. LUAF argues that declaratory relief against these Defendants *might* influence the newly created working group, who *might* propose new legislation, which *might* be passed by the General Assembly, which *might* provide compensation to LUAF's members. This convoluted chain of speculative relief from a third party does not remedy the mootness defects in LUAF's claims against the Real Estate Defendants.

Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit. *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th

---

[4] In its Motion, LUAF ignores the Court's dismissal of LUAF's claims on the additional grounds of the Tax Injunction Act, 28 U.S.C. § 1341. Even if the claims against the Real Estate Defendants were no longer moot, the Tax Injunction Act would still bar LUAF's claims. Because reconsideration of mootness would not have any real-world effect, LUAF has failed to demonstrate that it would be possible, on any set of facts, for this court to promote justice by granting this Motion.

Cir. 2011). Thus, even with claims for declaratory relief, to avoid dismissal based on mootness, a plaintiff must show that the relief will affect the behavior of the named defendants towards the plaintiff, and not a third-party. *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (for a declaratory judgment to be a constitutional resolution of a case, rather than an advisory opinion, it must settle a dispute in a way that affects the behavior *of the defendant* toward the plaintiff). The fact "[t]hat a declaration might guide *third parties* (*i.e.,* those not parties to the lawsuit) in their future interactions with a plaintiff is insufficient." *Jordan*, 654 F.3d at 1026.

As a result, LUAF must show how a declaratory judgment will impact the Real Estate Defendants, not the working group or the General Assembly. Nothing in H.B. 19-1264 gives the Division of Real Estate the ability to influence or effect the Program now or in the future. Indeed, no legislation has been proposed to give the Division of Real Estate the ability to influence or effect the Program. For that reason, LUAF fails to show how this Court, as a result of H.B. 19-1264, could issue a ruling that would affect the behavior of the Real Estate Defendants toward LUAF. To illustrate, even if this Court gave LUAF a favorable ruling and declared that the Real Estate Defendants were wrong to have recommended denial of the requested tax credits, such a ruling would be considered an advisory opinion because it would have no effect whatsoever on these Defendants' behavior toward LUAF.

## **CONCLUSION**

For the above reasons, Defendants respectfully request that this court deny Plaintiff's Motion to Alter or Reconsider Judgment Pursuant to Fed. R. Civ. Pro., Rule 60 as to the Dismissal of Defendants Waters, Weston, and Ericson on the Basis of Mootness.

Respectfully submitted this 1st day of July, 2019.

        PHILIP J. WEISER
        Attorney General

        *s/Natalie Lucas Powell*
        *s/ Gina Cannan*
        *s/ Noah C. Patterson*
        *s/ Anne M. Mangiardi*
        NATALIE LUCAS POWELL, 35680*
        GINA CANNAN, 45071*
        NOAH C. PATTERSON, 42339**
        ANNE M. MANGIARDI, 44284**
        Colorado Attorney General's Office
        *Counsel of Record for Waters, Weston, and Ericson
        **Counsel of Record for Hartman

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the within **OPPOSITION TO PLANTIFF'S MOTION TO ALTER OR RECONSIDER JUDGMENT PURSUANT TO FED. R. CIV. PRO., RULE 60 AS TO THE DISMISSAL OF DEFENDANTS WATERS, WESTON, AND ERICSON ON THE BASIS OF MOOTNESS** upon all parties herein via the CM/ECF system this 1st day of July, 2019, addressed as follows:

A. Blair Dunn, Esq.
Western Agriculture, Resource and
Business Advocates, LLP
1005 Marquette Street
Albuquerque, New Mexico 87102
*Attorney for LUAF*

/s/ *Francis Senyah*